1  REDEFINE LAW FIRM, INC.
2  BABAK LALEZARI (SBN 261703)
   BLalezari@redefinelawfirm.com
3  4311 Wilshire Blvd., Suite #205
4  Los Angeles, CA 90010
   Telephone:   (310) 571-5297
5  Facsimile:    (310) 684-5793

6
   *Attorneys for Defendants*
7
8  [Additional Counsel on Signature Page]

9                 UNITED STATES DISTRICT COURT
10              CENTRAL DISTRICT OF CALIFORNIA

11  FEDERAL TRADE COMMISSION,            Case No. 2:17-cv-06855-ODW-PLA

12          Plaintiff,

13                                        Hon. Otis D. Wright II

14          v.                            **DEFENDANTS' ANSWER, DEFENSE,**
                                          **AND AFFIRMATIVE DEFENSES TO**
15  M&T FINANCIAL GROUP, et al.,          **PLAINTIFF'S COMPLAINT**

16
            Defendants.
17

18
19
20
21
22
23
24
25
26
27
28

Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour, by and through undersigned counsel, hereby file their Answer, Defense, and Affirmative Defenses to the Complaint filed by Plaintiff Federal Trade Commission, and state as follows:

## ANSWER

1.      Defendants admit that Plaintiff purports to bring this action to seek relief under the Federal Trade Commission Act, the Telemarketing and Consumer Fraud and Abuse Prevention Act, and the FTC's Telemarketing Sales Rule.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## PLAINTIFF

4.      With regard to the allegations contained in Paragraph 4 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

5.      With regard to the allegations contained in Paragraph 5 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## DEFENDANTS

6.      Defendants admit that M&T Financial Group is a corporation organized under the laws of the State of California, has a principal address 11766 Wilshire Boulevard, Suite 310, Los Angeles, California 90025, and transacted business in this

1  district,, and deny the remainder of the allegations contained in Paragraph 6 of the

2  Complaint.

3       7.      Defendants admit that American Counseling Center Corp. is a

4  corporation organized under the laws of the State of California, has a principal address

5  11766 Wilshire Boulevard, Suite 310, Los Angeles, California 90025, and transacted

6  business in this district, and deny the remainder of the allegations contained in

7  Paragraph 7 of the Complaint.

8       8.      Defendants admit that Salar Tahour is the sole owner and manager of

9  M&T Financial Group and American Counseling Center Corp.  Defendants further

10  admit that Salar Tahour resides and transacted business in this district.  Defendants

11  deny the remainder of the allegations contained in Paragraph 8 of the Complaint.

12      9.      Paragraph 9 of the Complaint states a legal conclusion as to which no

13  response is required.  To the extent a response is required, Defendants deny the

14  allegations contained in Paragraph 9 of the Complaint.

15                              **COMMERCE**

16      10.     Paragraph 10 of the Complaint states a legal conclusion as to which no

17  response is required.  To the extent a response is required, Defendants deny the

18  allegations contained in Paragraph 10 of the Complaint.

19  **DEFENDANTS' DECEPTIVE STUDENT LOAN DEBT RELIEF OPERATION**

20      11.     Defendants deny the allegations contained in Paragraph 11 of the

21  Complaint.

22      **Background on Student Loan Forgiveness and Repayment Programs**

23      12.     Defendants deny knowledge or information sufficient to form a belief as

24  to the truth of the allegations contained in Paragraph 12 of the Complaint.

25      13.     Defendants deny knowledge or information sufficient to form a belief as to

26  the truth of the allegations contained in Paragraph 13 of the Complaint.

27      14.     Defendants deny knowledge or information sufficient to form a belief as to

28  the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

**Defendants' Deceptive Marketing of Student Loan Debt Relief Services**

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

**Defendants' Advance and Monthly Fees**

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**Defendants' Contracts**

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

**Cutting Off Consumers' Communications with Servicers and ED**

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

**Defendants' Unlawful Calls to Consumers**

**n [sic] the National Do Not Call Registry**

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## THE FTC ACT

40.     With regard to the allegations contained in Paragraph 40 of the Complaint, Section 5(a) of the FTC Act speaks for itself, and Defendants respectfully refer the Court to Section 5(a) of the FTC Act for a complete and accurate statement of its contents.

41.     With regard to the allegations contained in Paragraph 41 of the Complaint, Section 5(a) of the FTC Act speaks for itself, and Defendants respectfully refer the Court to Section 5(a) of the FTC Act for a complete and accurate statement of its contents.

## VIOLATIONS OF THE FTC ACT

### Count I

### Deceptive Student Loan Debt Relief Representations

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## THE TELEMARKETING SALES RULE

45.     With regard to the allegations contained in Paragraph 45 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions and their legislative history for a complete and accurate statement of their contents.

46.     With regard to the allegations contained in Paragraph 46 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal

provisions for a complete and accurate statement of their contents.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 46.

47.    With regard to the allegations contained in Paragraph 47 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 47.

48.    With regard to the allegations contained in Paragraph 48 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

49.    With regard to the allegations contained in Paragraph 49 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

50.    With regard to the allegations contained in Paragraph 50 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

51.    With regard to the allegations contained in Paragraph 51 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

52.    With regard to the allegations contained in Paragraph 52 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

53.     With regard to the allegations contained in Paragraph 53 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

54.     With regard to the allegations contained in Paragraph 54 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

55.     With regard to the allegations contained in Paragraph 55 of the Complaint, the cited legal provisions speak for themselves, and Defendants deny any characterization thereof.  Defendants respectfully refer the Court to the cited legal provisions for a complete and accurate statement of their contents.

## VIOLATIONS OF THE TELEMARKETING SALES RULE

### Count II

### Advance Fee for Debt Relief Services

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

### Count III

### Misrepresentation of Affiliates

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

### Count IV

### Material Debt Relief Misrepresentations

1    60.    Defendants deny the allegations contained in Paragraph 60 of the

2 Complaint.

3    61.    Defendants deny the allegations contained in Paragraph 61 of the

4 Complaint.

5                                **Count V**

6            **Calls in Violation of National Do Not Call Registry**

7    62.    Defendants deny the allegations contained in Paragraph 62 of the

8 Complaint.

9                                **Count VI**

10    **Failure to Pay Required Fee for Access to National Do Not Call Registry**

11    63.    Defendants deny the allegations contained in Paragraph 63 of the

12 Complaint.

13                           **<u>CONSUMER INJURY</u>**

14    64.    Defendants deny the allegations contained in Paragraph 64 of the

15 Complaint.

16                  **<u>THIS COURT'S POWER TO GRANT RELIEF</u>**

17    65.    With regard to the allegations contained in Paragraph 65 of the Complaint,

18 the cited legal provisions speak for themselves, and Defendants deny any

19 characterization thereof. Defendants respectfully refer the Court to the cited legal

20 provisions for a complete and accurate statement of their contents.

21    66.    With regard to the allegations contained in Paragraph 66 of the Complaint,

22 the cited legal provisions speak for themselves, and Defendants deny any

23 characterization thereof. Defendants respectfully refer the Court to the cited legal

24 provisions for a complete and accurate statement of their contents.

25                         **<u>PRAYER FOR RELIEF</u>**

26    Defendants deny that Plaintiff is entitled to any relief, and demand entry of

27 judgment in their favor.

28

1

## **DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES**

Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour assert the following defense and affirmative defenses in accordance with Rule 8 and 12 of the Federal Rules of Civil Procedure:

### **Defense**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants assert that Plaintiff's Complaint fails to state a plausible claim for relief against them under all theories asserted therein.

### **First Affirmative Defense**

Without admitting that any violation of any law, some or all of the allegedly violative statements alleged in the Complaint, if such statements were made, were not false or misleading statements of material fact, but were good faith sales practices.

### **Second Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted under Section 5 of the FTC Act, 15 U.S.C. § 45(a).  The Plaintiff has failed to demonstrate that any material representations of any Defendants were likely to mislead customers acting reasonably under the circumstances pursuant to Section 5.

### **Third Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted under the Telemarketing and Consumer Fraud and Abuse Act, 15 U.S.C. §§ 6101-6108, or the Telemarketing Sales Rule, 16 C.F.R. Part 310.  The Plaintiff has failed to demonstrate that any of the alleged conduct relates to "debt relief services."

### **Fourth Affirmative Defense**

Any injury or harm to any individual consumer or to the public in general alleged by the Plaintiff in the Complaint was caused by acts or omissions of a third-party over which this Defendants had no authority or control.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, under the doctrine of mistake of law.

**Sixth Affirmative Defense**

The Plaintiff's claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

**Seventh Affirmative Defense**

Without admitting any violations occurred, any alleged violations by Defendants, if any such violations occurred on its behalf, did not rise to the level of demonstrating the likelihood of repetition required to support injunctive relief against Defendants.

**Eighth Affirmative Defense**

To the extent Plaintiff seeks equitable relief, the balance of equities tips in favor of Defendants, as imposition of such relief would cause undue hardship to Defendants.

**WHEREFORE**, Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour respectfully request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss this action with prejudice, award Defendants its reasonable attorney's fees and costs incurred in defending this action, and for such other relief this Court deems just and proper.

Dated: October 11, 2017   Respectfully Submitted,

           REDEFINE LAW FIRM, INC.
           BABAK LALEZARI (SBN 261703)
           BLalezari@redefinelawfirm.com
           4311 Wilshire Blvd., Suite #205
           Los Angeles, CA 90010
           Telephone: (310) 571-5297
           Facsimile: (310) 684-5793

           */s/ Jeffrey A. Backman*
           GREENSPOON MARDER, P.A.
           Richard W. Epstein (Florida Bar No. 229091)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(admitted *pro hac vice*)
Richard.Epstein@gmlaw.com
Jeffrey A. Backman (Florida Bar No. 662501)
(admitted *pro hac vice*)
Jeffrey.Backman@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2017, a true and correct copy of the

foregoing was electronically filed with the Clerk of Court by using CM/ECF which will

serve copies to all counsel of record registered to receive CM/ECF notification, and that

it was served upon any other counsel and parties in some other authorized manner.

### SERVICE LIST

Joannie Wei
Samuel Levine
Audrey Austin
FEDERAL TRADE COMMISSION
230 S. Dearborn Street, Room 3030
Chicago, Illinois 60604
jewi@ftc.gov
slevine1@ftc.gov
aaustin2@ftc.gov

Barbara Chun
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA  90024
(310)824-4343; (310)824-4380-fx
bchun@ftc.gov

*Attorneys for Plaintiff Federal Trade
Commission*

Gary Caris
DIAMOND MCCARTHY LLP
1999 Avenue of the Stars, Suite 1100
Los Angeles, California 90067
gcaris@diamondmccarthy.com

Lesley Anne Hawes
Diamond McCarthy, LLP
150 California St., Suite 220
San Francisco, CA  94111
(415)692-5200; (415)263-9200-fx
lhawes@diamondmccarthy.com

*Attorneys for Receiver Robb Evans &
Associates LLC*

 */s/ Jeffrey A. Backman*
Jeffrey A. Backman