GARY OWEN CARIS (SBN 088918)
gcaris@diamondmccarthy.com
LESLEY ANNE HAWES (SBN 117101)
lhawes@diamondmccarthy.com
**DIAMOND McCARTHY, LLP**
1999 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
Telephone: (310) 651-2997
Facsimile: (424) 253-1101

Attorneys for Permanent Equity Receiver
**ROBB EVANS & ASSOCIATES LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br>Plaintiff,<br><br>v.<br><br>M&T FINANCIAL GROUP, a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group,<br><br>AMERICAN COUNSELING CENTER CORP., a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group, and<br><br>SALAR TAHOUR, individually, and as an officer of M&T FINANCIAL GROUP and AMERICAN COUNSELING CENTER CORP.,<br><br>Defendants. | Case No. CV-17-6855-ODW(PLAx)<br><br>***EX PARTE* APPLICATION FOR AN ORDER PERMITTING PERMANENT EQUITY RECEIVER TO TRANSMIT INFORMATION REGARDING CONSUMER CLIENTS OF RECEIVERSHIP DEFENDANTS TO THE UNITED STATES DEPARTMENT OF EDUCATION FOR LIMITED PURPOSES**<br><br>**(Declarations of Brick Kane and Gary Owen Caris Filed Concurrently Herewith)** |

TO THE HONORABLE OTIS D. WRIGHT II, UNITED STATES DISTRICT JUDGE:

**REASONS FOR SEEKING *EX PARTE* ORDER**

Robb Evans & Associates LLC, Permanent Equity Receiver ("Receiver") for Defendants M&T Financial Group and American Consulting Center Corp., and each of their successors and assigns, as well as any subsidiaries, affiliates, divisions or sales or customer service operations and any fictitious business entities or business names created or used by these entities ("Receivership Defendants") brings this *ex parte* application for an order permitting the Receiver to transmit information regarding consumer clients of the Receivership Defendants, consisting of the consumers' names, e-mail addresses, physical addresses and last known FSA user names (explained below), to the United States Department of Education ("DOE") in order that the DOE can communicate directly to the consumer clients of the Receivership Defendants for the purpose of advising those consumers of critical information to enable them to communicate with their loan servicers, access DOE and other federal student aid websites and obtain free assistance regarding their student loans.  **It is important to enable the Receiver to provide this information to the DOE expeditiously in order that all consumers can promptly communicate with their loan servicers and obtain free assistance regarding their student loans, before significant time passes and their student loans go into default, or further default, thereby adversely affecting their credit and ability to repay their obligations.**

As set forth in the accompanying declaration of Gary Caris, counsel for both the Federal Trade Commission ("FTC") and for the Defendants were sent near final drafts of the *ex parte* application, together with the Brick Kane declaration and proposed order on November 3, 2017 and each advised the Receiver that they did not oppose the *ex parte* application.

As set forth in the accompanying declaration of Brick Kane, the FTC has

advised the Receiver that the DOE has been advised of the material terms of the proposed order and the DOE has no objection to it.

## COUNSEL INFORMATION

The names, addresses, telephone numbers and e-mail addresses of counsel for the Plaintiff and Defendants are as follows:

| Counsel for Plaintiff Federal Trade Commission: | Counsel for Defendants: |
|---|---|
| Joannie Wei<br>jwei@ftc.gov | Roy Taub<br>Roy.Taub@gmlaw.com |
| Samuel Levine<br>Slevine1@ftc.gov | Jeffrey A. Backman<br>Jeffrey.Backman@gmlaw.com |
| Audrey Austin<br>aaustin2@ftc.gov | Richard W. Epstein<br>Richard.Epstein@gmlaw.com |
| Federal Trade Commission<br>230 South Dearborn Street, Room 3030<br>Chicago, Illinois 60604<br>Telephone No. (312) 960-5634 | Greenspoon Marder, P.A.<br>200 East Broward Blvd., Suite 1800<br>Ft. Lauderdale, Florida 33301<br>Telephone No. (954) 491-1120 |
| Barbara Chun<br>bchun@ftc.gov | Babak Lalezari<br>BLalezari@redefinelawfirm.com |
| Federal Trade Commission<br>10990 Wilshire Bouldevard, Suite 400<br>Los Angeles, California 90024<br>Telephone No. (310) 824-4343 | Redefine Law Firm, Inc.<br>4311 Wilshire Blvd., Suite #205<br>Los Angeles, California 90010<br>Telephone No. (310) 571-5297 |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF FACTS AND NECESSITY FOR *EX PARTE* RELIEF**

The Receiver became Temporary Equity Receiver pursuant to the *Ex Parte* Temporary Restraining Order with Asset Freeze, Appointment of a Receiver, Other

Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO") entered September 19, 2017. Pursuant to the TRO, the Receiver took possession and control of the Receivership Defendants on September 20, 2017. Thereafter, pursuant to the Stipulated Preliminary Injunction ("Preliminary Injunction") (Doc. 42) entered October 10, 2017, the Receiver became Permanent Equity Receiver over the Receivership Defendants.

As generally described in the Report of Temporary Equity Receiver's Activities September 20, 2017 Through October 4, 2017 ("Receiver's Report") (Doc. 37-1), the Receivership Defendants marketed and sold student loan consolidation and restructuring services to consumers. The Receivership Defendants telemarketed their student debt relief programs to thousands of consumers and enrolled about 27,000 consumers for nearly $22 million in gross sales. Consumers were sold a service to obtain a consolidation or restructuring of student debt and set up on a payment plan to pay for this service even though it is offered at no charge by the DOE.

The Receiver has recently been advised that the FTC has been in communications with the DOE to address issues raised by this and other litigation brought by the FTC against various entities purportedly providing student loan consolidation and restructuring services. With respect to the instant litigation, the DOE has offered to contact the consumers enrolled in programs with the Receivership Defendants in order that the DOE could contact those consumers by e-mail to advise each of the consumers: (1) who the consumer's loan servicer is and how to contact the consumer's loan servicer; (2) how to obtain free assistance regarding his or her student loans; (3) how to change the consumer's FSA ID credentials, which are comprised of the consumer's user name and password, to access DOE and other federal student aid websites; and (4) how to obtain information about the instant lawsuit. However, in order to contact approximately 12,600 consumers who were apparently still enrolled with the Receivership Defendants at the inception of the receivership, the DOE

requires contact information as to the consumers which is in the possession and control of the Receiver, including the consumers' names, e-mail addresses, physical addresses and last known FSA user names.

There are approximately ten different approved student loan servicers that service federal student loans, and a consumer who enrolled in a program with the Receivership Defendants may not know who his or her loan servicer is or how to contact that servicer.  The consumer may be unaware of the actual status of the consumer's debt if the consumer was making payments to the Receivership Defendants, because not all of those payments were being applied against student debt, but instead some of the payment amounts were being used to pay fees charged by the Receivership Defendants, making the need to contact the loan servicer critical.  The Receiver has received inquiries from over 300 consumer-clients of the Receivership Defendants requesting information about the lawsuit and how it impacts their student loans.  The Receivership Defendants' customer relationship management ("CRM") database does not contain information as to who the loan servicers are for nearly 5,100 of the currently enrolled consumers and therefore the Receiver cannot provide this information to consumers in many instances.  In addition, the DOE is uniquely qualified to advise consumers as to how to obtain free assistance regarding their student loans and how to change their FSA ID credentials.  All of these facts support the need for an immediate order enabling the Receiver to provide contact information to the DOE in order that they may communicate with those consumers and advise them who their loan servicer is and how to contact their servicer, how to obtain free assistance concerning their loans, how to change their FSA ID credentials, and how to obtain information concerning this lawsuit.

The FTC has informed the Receiver that it does not object to the Receiver providing to the DOE the contact information it needs to communicate with the consumers for the purposes described above, provided that: (1) the consumers'

privacy is appropriately safeguarded using applicable federal data security and privacy standards for personal information; (2) the Court and the Receiver are immediately notified in the event of any unauthorized access to or loss of consumer data; (3) the DOE only uses the data for the specific purposes enumerated above; and (4) the consumer data is destroyed as soon as is practicable after initiating contact with the consumers. The FTC has requested that any turnover of such data to the DOE be made only pursuant to a specific Court order which contains these restrictions. While the Receiver is obligated to cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency (Preliminary Injunction, Section VIII. B.17), which presumably includes the DOE, to ensure that the consumers' information is properly safeguarded and to avoid any confusion or uncertainty concerning its responsibilities as to this consumer data, the Receiver respectfully requests that the Court issue a specific order pursuant to this *ex parte* application.

The FTC has further advised the Receiver that the DOE has been advised of the material terms of the proposed order submitted with this *ex parte* application and the DOE has no objection to it.

The Receiver has determined that it would be beneficial to the consumer clients of the Receivership Defendants to receive the proposed communication from the DOE provided that the protections sought by the FTC and agreed to by the FTC are expressly incorporated into any Court order permitting the Receiver to turn over consumer information to the DOE. There would be tangible benefits to providing the DOE this contact information because it would enable the DOE to provide consumers information necessary to prevent their student loans from going into default, or further default, which would detrimentally affect their credit and ability to repay these loans.

## II. IT IS APPROPRIATE FOR THE RECEIVER TO OBTAIN AN ORDER PERMITTING IT TO TRANSMIT CONTACT INFORMATION CONCERNING CONSUMER CLIENTS OF THE RECEIVERSHIP DEFENDANTS TO THE DOE

The purpose of the receivership laws is to give the Court broad authority pursuant to its general powers of equity to issue orders as necessary for the administration of the estate. The equity powers of the District Court to issue orders pertaining to the administration of a receivership estate were discussed at length by the Ninth Circuit in *S.E.C. v. Hardy*, 803 F. 2d 1034 (9th Cir. 1986). In its decision, the Court articulated two overriding principals of law:

> First, a district court's power to supervise an equity receivership and to determine the appropriate action to be taken in the administration of the receivership is extremely broad. . . . The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions.
>
> . . .
>
> Secondly, we have acknowledged that a primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors. [Citations omitted.] Accordingly, we generally uphold reasonable procedures instituted by the district court that serve this purpose. [Citations omitted.] *S.E.C. v. Hardy*, 803 F. 2d at 1037-1038.

The order sought herein will protect the consumer creditors of the receivership estate by enabling the DOE to provide them with information which will assist them in communicating with their loan servicers, obtain free assistance on their student loans,

and access DOE and other federal student aid websites, while implementing necessary privacy and other protections for the consumers.  It is respectfully requested that the Court issue the *ex parte* order lodged concurrently herewith.

Dated:  November 7, 2017              Respectfully Submitted,

                                                DIAMOND McCARTHY, LLP

                                                By:  */s/ Gary Owen Caris*
                                                      Gary Owen Caris
                                                      Lesley Anne Hawes
                                                      Attorneys for Permanent Equity Receiver
                                                      ROBB EVANS & ASSOCIATES LLC

CASE NAME: FEDERAL TRADE COMMISSION V. M&T FINANCIAL GROUP, ET AL.
CASE NO: CV-17-6855-ODW(PLAx)

## CERTIFICATE OF SERVICE

I hereby declare under penalty of perjury pursuant to the laws of the State of California that I am a citizen of the United States, over the age of 18 years, and not a party to the within action. My business address is 909 Fannin, Suite 3700, Houston, TX 77010.

On November 7, 2017, I caused to be served the ***EX PARTE* APPLICATION FOR AN ORDER PERMITTING PERMANENT EQUITY RECEIVER TO TRANSMIT INFORMATION REGARDING CONSUMER CLIENTS OF RECEIVERSHIP DEFENDANTS TO THE UNITED STATES DEPARTMENT OF EDUCATION FOR LIMITED PURPOSES (Declarations of Brick Kane and Gary Owen Caris Filed Concurrently Herewith)** upon the CM/ECF participants by electronic means.

I declare upon the penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 7, 2017 at Houston, Texas.

            */s/   Catherine Burrow*