DAVID SHONKA
ACTING GENERAL COUNSEL

JOANNIE WEI
SAMUEL LEVINE
AUDREY AUSTIN
jwei@ftc.gov
slevine1@ftc.gov
aaustin2@ftc.gov
Federal Trade Commission
230 South Dearborn Street, Room 3030
Chicago, Illinois 60604
Tel: (312) 960-5634; Fax: (312) 960-5600

BARBARA CHUN, Local Counsel (Cal. Bar No. 186907)
bchun@ftc.gov
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
Tel: (310) 824-4343; Fax: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>M&T FINANCIAL GROUP, a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group,<br><br>AMERICAN COUNSELING CENTER | Case    CV17-06855-ODW(PLAx)<br><br>Joint Report<br><br><u>Scheduling Conference</u><br>Date: January 8, 2018<br>Time: 1:30pm<br><br><u>Place</u>: Courtroom 5D<br>First Street Courthouse<br>350 W. 1st St., Los Angeles, CA 90012 |

1

CORP., a corporation, also d/b/a
StuDebt, Student Debt Relief Group,
SDRG, Student Loan Relief Counselors,
SLRC, and Capital Advocates Group,
and

SALAR TAHOUR, individually, and as
an officer of M&T FINANCIAL
GROUP and AMERICAN
COUNSELING CENTER CORP.,

        Defendants.

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Rule 26-1 of the Central District of California, and the Court's October 12, 2017 Order Scheduling Meeting of Counsel and setting a Scheduling Conference (Dkt. # 46; the "Order"), Plaintiff Federal Trade Commission ("FTC") and Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour hereby respectfully submit this Joint Report.

The parties met telephonically on November 29, 2017.  In attendance were Joannie Wei, Audrey Austin, and Sam Levine on behalf of the FTC and Jeffrey Backman and Roy Taub on behalf of the Defendants.  By agreement of the parties, the Receiver and its counsel did not participate in this conference but were provided a copy for their review.

1. **Fed. R. Civ. P. 26(f) Report**

    A. **Fed.R.Civ.P. 26(f)(3)(A): Initial Disclosures**

The parties do not believe any changes in the form or requirements for disclosures under Rule 26(a)(1)(A) are necessary.  The parties agree that these disclosures will be exchanged by **December 20, 2017.**

    B. **Fed.R.Civ.P. 26(f)(3)(B): Subjects on which discovery may be needed and proposed discovery completion dates**

Consistent with Fed. R. Civ. P. 26(b)(1), the FTC anticipates taking discovery on matters including, but not limited to Defendants' business practices; Defendants' advertising, marketing, lead generation, and sales practices; Defendants' revenues, returns, and refunds; Defendants' products or services; Defendants' business structure and interactions or relationships with other businesses or individuals; Defendants' involvement or roles in the practices described in the Complaint; and Defendants' assets.

Defendants anticipate taking discovery regarding the purported bases for the FTC's allegations and its investigation of Defendants.

The parties agree that discovery shall not be conducted in phases or otherwise limited in focus. The parties have agreed upon the proposed discovery completion dates listed in Section 2(a) and (c)-(g) within.

**C.    Fed.R.Civ.P. 26(f)(3)(C): Issues about disclosure or discovery of electronically stored information**

The parties have taken steps to ensure the preservation of electronically stored information that is relevant to any claim or defense at issue in this case. The FTC also has provided to counsel for the Defendants a copy of the FTC's standards for the production of electronically stored information. The Receiver has taken control of the Corporate Defendants' computers and servers which contain potentially relevant electronically stored information. The Receiver has agreed to make them available to the parties for inspection and copying based on reasonable notice. The parties agree that the expenses for copying should be borne by the parties.

**D.    Fed.R.Civ.P. 26(f)(3)(D): Issues about claims of privilege or of protection as trial-preparation materials**

With respect to privileged or work-product information, the parties shall comply with Federal Rule of Civil Procedure 26(b)(5), except that:

1)     documents generated by or sent exclusively among attorneys, paralegals, investigators and law clerks, which are the same type (*e.g.*, emails, draft legal documents, handwritten notes), have the same author(s) and recipient(s), and are being withheld on the same basis, can be grouped together and identified on the privilege log in a single entry for each such grouping; and

2)     communications between the parties and their counsel and work product created by counsel in this matter after the commencement of this case do not need to be included on the privilege log.

Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity, provided that a producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return. If the parties are unable to reach an agreement in good faith within ten (10) days of such notice as to the disposition of such material, the producing party may seek relief from the Court. The receiving party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than to those who have had it in their possession prior to the receipt of the notice from the producing party, until the expiration of the ten (10) day period identified in this paragraph or, if application is made to this Court, until disposition of that application including appeals.

The parties will work with the Receiver regarding the treatment of any privileged materials that are in the possession of the Receiver.  With respect to protective orders, Defendants will seek entry of a protective order, and the FTC reserves the right to request such order, through either stipulation or motion, should the FTC deem it necessary during the course of this matter.

**E.      Fed.R.Civ.P. 26(f)(3)(E): Proposed changes to the discovery limitations imposed under the federal and local rules of civil procedure**

The parties agree that the applicable discovery limitations imposed by the federal and local rules of civil procedure do not need to be changed at this time. The parties reserve the right to seek leave to modify the limitations if necessary at a later time.

**2.      Scheduling Conference Report**

Pursuant to the Court's Order and Fed. R. Civ. P. 26(f)(3)(B), the parties propose the following schedule:

a.      Deadline for Rule 26(a)(1) disclosures:  **December 20, 2017**

b.      Deadline to file any motion to amend the pleadings or add parties: **March 23, 2018**

c.      Deadline to complete fact discovery and depositions: **June 18, 2018**

d.      Deadline for Rule 26(a)(2) disclosures, including designation of expert witnesses and provision of reports:  **July 2, 2018**

e.      Deadline for designation of rebuttal expert witnesses and provision of reports:  **July 27, 2018**

f.      Deadline to complete expert depositions: **August 17, 2018**

g.      Discovery cut-off: **August 17, 2018**

h.      Dispositive motion deadline: **September 21, 2018**

i.      Deadline for filing pretrial motions, including motions *in limine* and *Daubert* motions: **November 5, 2018**

j.     Proposed date for final pretrial conference: **February 8, 2019**

k.     Proposed date for trial:  **February 11, 2019**

**3.    Efforts to Resolve the Case and Recommended Settlement Procedure Pursuant to Local Rule 16-15.4**

The parties are engaged in preliminary settlement negotiations.  The discussions are ongoing, but it is unclear at this point whether the parties will be able to reach a settlement.

If the parties are unable to resolve this matter among themselves, the parties would prefer to conduct settlement discussions pursuant to L.R.  16-15.4, ADR Procedure No. 1.  The parties agree that the deadline for the ADR session should be **June 15, 2018.**

**4.    Trial**

a.    **Estimated length of trial**: The parties currently expect that the trial in this case to last approximately ten days.

b.    **Proposed date for final pretrial conference:** see Section 2(k) above.

c.    **Proposed date for trial:** see Section 2(l) above.

**5.    Any other issues affecting the status or management of the case**

a.    **Likelihood of addition of other parties**

The FTC may amend the complaint to add defendants and/or relief defendants in this action.

b.    **Service:** The parties have agreed to accept service by email of documents not filed with the Court in this case, pursuant to Fed. R. Civ. P. 5(b)(2)(E), provided all persons designated by that party to receive email service (attorneys and assistants) are included on the email.  The parties have agreed that there is no need to send paper or fax copies of service documents; however, the parties are free to use other forms of service permitted under the federal rules, as the agreement merely creates the option for any party to serve documents

6

via email instead of paper copies sent by mail or courier.

**6.     Proposals regarding severance, bifurcation or other ordering of proof.**

The parties do not have any proposals related to severance, bifurcation, or other ordering of proof.

**7.     Additional Issues identified in the Court's Order**

     **a.     Principal issues in the case**

The FTC alleges, among other things, that Defendants are liable for violations of the FTC Act and the Telemarketing Sales Rule (the "TSR"). In particular, the FTC alleges that Defendants have falsely represented that (a) Defendants are affiliated or work directly with the government or the Department of Education; (b) Defendants will enroll consumers in a student loan repayment or forgiveness program that will have their monthly payments reduced to a fixed amount for a fixed number of years; (c) the government repayment or forgiveness program requires consumers to pay a fee to enroll; (d) consumers' monthly payments to Defendants will be applied toward consumers' student loans; and (e) Defendants will assume responsibility for the servicing of consumers' student loans. The FTC futher alleges that Defendants violated the TSR by charging illegal advanced fees, making calls to consumers who have registered their telephone numbers on the National Do Not Call Registry (the "Registry"), and failing to pay the required fee to access the Registry prior to initiating numerous outbound telephone calls.

Defendants deny all of the FTC's allegations. Defendants assisted thousands of consumers to reduce their student loan payments, sometimes to zero dollars a month. Given the overall net impression of the disclosures and other statements made during interactions with consumers, no reasonable consumer acting reasonably under the circumstances would have been misled in any of the manners alleged by the FTC. Moreover, as Defendants' business did not qualify as debt relief services, the advance fee prohibition in the TSR – to the extent the fees at

issue are even considered "advance fees" – does not apply.  Defendants also dispute the other TSR allegations.

     **b.**      **Issues that parties believe may be determined by motion**

     Both the FTC and Defendants anticipate that they will move for summary judgment in this action.

**8.**     **Manual for Complex Litigation**

     Pursuant to Local Rule 26-1 of the Central District of California, the parties agree that this is not a complex case and that the procedures of the Manual For Complex Litigation are unnecessary for its management.

Respectfully submitted, this 18th day of December, 2017.

               /s/ Joannie Wei
               Joannie Wei, IL Bar #6276144
               Samuel Levine, IL Bar #6309543
               Audrey Austin, IL Bar #6307653
               Attorneys for Plaintiff
               FEDERAL TRADE COMMISSION

               Babak Lalezari, SBN 261703
               Redefine Law Firm, Inc.
               4311 Wilshire Blvd., Suite #205
               Los Angeles, CA 90010
               BLalezari@redefinelawfirm.com
               Telephone: (310) 571-5297
               Facsimile: (310) 684-5793

               /s/ Jeffrey Backman
               Richard W. Epstein
               Jeffrey A. Backman
               Greenspoon Marder, P.A.
               200 East Broward Blvd., Suite 1800
               Ft. Lauderdale, Florida 33301
               Tel: (954) 491-1120
               http://www.gmlaw.com
               ATTORNEYS FOR DEFENDANTS