UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case   CV17-06855-ODW(PLAx) |
| Plaintiff, | |
| v. | **Stipulated Order for Permanent Injunction and Monetary Judgment** |
| M&T FINANCIAL GROUP, a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group, | |
| AMERICAN COUNSELING CENTER CORP., a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group, and | |
| SALAR TAHOUR, individually, and as an officer of M&T FINANCIAL GROUP and AMERICAN COUNSELING CENTER CORP., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) and the Telemarketing and Consumer Fraud and Abuse Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. The FTC and Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour ("Defendants") stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, 16 C.F.R. § 310, in connection with the marketing and sale of student loan debt relief services.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and the FTC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

A.      "**Assisting others**" includes:

1.      performing customer service functions, including receiving or responding to consumer complaints;

2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

4. providing names of, or assisting in the generation of, potential customers;

5. performing marketing, billing, or payment services of any kind; or

6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. "**Corporate Defendants**" means M&T Financial Group, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, Capital Advocates Group, Student Loan Financial Aid, and SLFAid, and American Counseling Center Corp., also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, Capital Advocates Group, Student Loan Financial Aid, and SLFAid, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

C. "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination.

D. "**Financial product or service**" means any product, service, plan, or program represented, expressly or by implication, to:

1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2. provide any consumer, arrange for any consumer to receive, or assist

any consumer in receiving, credit, debit, or stored value cards;

       3.     improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

       4.     provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E.      "**Individual Defendant**" means Salar Tahour, by whatever names he may be known.

F.      "**National Do Not Call Registry**" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

G.      "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

H.      "**Receiver**" means Robb Evans and Associates, LLC.

I.      "**Receivership Defendants**" means Defendants M&T Financial Group, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, Capital Advocates Group, Student Loan Financial Aid, SLFAid, and American Counseling Center Corp., also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, Capital Advocates Group, Student Loan Financial Aid, and SLFAid, and their successors and assigns, as well as any subsidiaries, affiliates, divisions, or sales or customer service operations, and any fictitious business entities or business names created or used by these entities, including Collegiate Financial, Premier Processing Group, AT Financial Advisors, GDL Financial, and Brentwood Parcels LLC.

J.      "**Secured or unsecured debt relief product or service**" means:

       1.     With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

           a.     stop, prevent, or postpone any mortgage or deed of foreclosure

sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

b.     negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c.     obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.     negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.     obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.     negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.     With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

a.     repay one or more unsecured loans, debts, or obligations; or

b.     combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

K.     **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

L.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones and which involves more than one interstate telephone call.

# I.

## BAN ON SECURED AND UNSECURED
## DEBT RELIEF PRODUCTS AND SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

# II.

## PROHIBITION AGAINST MISREPRESENTATIONS
## RELATING TO FINANCIAL PRODUCTS AND SERVICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or

by implication:

A.     the terms or rates that are available for any loan or other extension of credit, including:

     1.     closing costs or other fees;

     2.     the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

     3.     the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

     4.     the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

     5.     the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

     6.     whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

     7.     that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.     the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C.     that a consumer will receive legal representation; or

D.     any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III.

## PROHIBITION AGAINST MISREPRESENTATIONS

**RELATING TO ANY PRODUCTS OR SERVICES**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

C. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program; or

D. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.

**PROHIBITION AGAINST UNSUBSTANTIATED CLAIMS**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale of any financial product or service, are permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the

benefits, performance, or efficacy of any financial product or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant fields, when considered in light of the entire body of relevant and reliable evidence, to substantiate that the representation is true.

# V.

## PROHIBITION AGAINST UNLAWFUL TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with telemarketing, are permanently restrained and enjoined from engaging in, causing others to engage in, or assisting others to engage in, any of the following practices:

A.      making or causing others to make misrepresentations, directly or by implication, regarding a seller's or telemarketer's affiliation with, or endorsement or sponsorship by, any person or government entity;

B.      initiating or causing others to initiate outbound telephone calls to consumers who have registered their telephone numbers on the National Do Not Call Registry;

C.      initiating or causing others to initiate outbound telephone calls to telephone numbers within a given area code without first, either directly or through another person, paying the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry; or

D.      violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as **Appendix A.**

# VI.

## MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Eleven Million, Six Hundred Ninety-Four Thousand, Three Hundred Forty Seven Dollars and Forty-Nine Cents. ($11,694,347.49) is entered in favor of the Commission against Individual Defendant and Corporate Defendants, jointly and severally, as equitable monetary relief.

B.     Individual Defendant is ordered to pay to the Commission Three Hundred Seventy Nine Thousand, Five Hundred Ninety Six Dollars and Sixty-Two Cents ($379,596.62).  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

C.     Individual Defendant is further ordered to cooperate fully with the Receiver and take such steps as the Receiver may require to sell and effectively convey title to the purchaser of the real property located at 791 N. Bundy Drive, Los Angeles, California 90049-2340, identified in Individual Defendant's financial statement dated October 4, 2017.  Such steps shall include but are not limited to providing the Receiver power of attorney with respect to the property within fourteen (14) days of entry of this Order, transferring possession of the property to the Receiver, and signing all documents necessary for the sale and conveyance of the title of the property to the purchaser.  Until the Receiver has completed the sale of the property, Individual Defendant shall continue to insure, maintain, and take no action to diminish the value of the property.  As part of the sale of the property, the Receiver shall use or assign the proceeds of the sale to satisfy any expenses or obligations which the Receiver believes to be reasonably necessary in order to effectuate the sale.

D.     Upon the asset transfers and completion of other obligations specified in Subsections VI.B and C above, the remainder of the judgment is suspended, subject to the Subsections below.

E.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Individual Defendant Salar Tahour signed on October 4, 2017, including the attachments;

2.     the Financial Statement of Corporate Defendant M&T Financial Group signed by Salar Tahour, President, on October 4, 2017;

3.     the Financial Statement of Corporate Defendant American Counseling signed by Salar Tahour, President, on October 4, 2017; and

4.     Salar Tahour's January 31, 2018 amendment to the Financial Statement of Individual Defendant Salar Tahour.

F.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII.

## ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers and Social Security Number, which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.

## DISSOLUTION OF ASSET FREEZE

IT IS FURTHER ORDERED that the freeze on personal assets of Individual Defendant imposed pursuant to the Stipulated Preliminary Injunction entered on

October 10, 2017 (Dkt. No. 42) is modified to permit the payments and other transfers identified in Section VI above. The freeze on the Receivership Defendants' assets shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section X of this Order. Upon completion of all payments and other obligations identified in in Sections VI and X, the asset freeze is dissolved as to Defendants. A financial institution shall be entitled to rely upon a letter from a representative of the Commission stating that the freeze on a Defendant's assets has been lifted.

## IX.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, FSA ID, other identifying information, or any data that enables access to a customer's account (including a student loan account, credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of student loan debt relief services; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## X.

## RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that the appointment of Robb Evans & Robb Evans and Associates, LLC as Permanent Equity Receiver pursuant to Section VIII of the Preliminary Injunction (Dkt. No. 42) is hereby continued in full force and effect except as modified by this Section.

A.     The Receiver is directed and authorized to accomplish the following:

1.     Within 60 days of entry of this Order:

a.     Complete, as necessary, the liquidation of the assets of the Receivership Defendants;

b.     Prepare and file with the Court an application for fees and expenses relating to the liquidation of Receivership Defendants' assets; and

c.     Upon the Court's approval of the Receiver's application for fees and expenses, distribute to the Commission any remaining liquid assets;

2.     Within 120 days after entry of this Order:

a.     Complete the sale of the real property located at 791 N. Bundy Drive, Los Angeles, California 90049-2340, as specified in Subsection VI.C above. *Provided however*, the Receiver may, if reasonably necessary, seek written agreement with Commission staff for additional time for the completion of such sale;

b.     Prepare and file with the Court a final report describing the Receiver's activities pursuant to this Order, and a final application for fees and expenses, including fees and expenses relating to the Receiver's sale of the real property, as specified in Subsection VI.C above; and

c.     Upon the Court's approval of the Receiver's final

application for fees and expenses, distribute to the Commission any remaining liquid assets; and

   B.  Upon completion of the above tasks, the duties of the receivership over the Receivership Defendants shall terminate and the Receiver shall be discharged.

## XI.

## ORDER ACKNOWLEDGMENTS

   IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.  Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for and all agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment  obtained pursuant to this Order, unless previously submitted to the Commission.

2.    Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.    For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that

16

Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. M&T Financial Group, *et al.*, X 170051.

## XIII.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such records for 5 years. Specifically, Corporate Defendants and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    a copy of each unique advertisement or other marketing material.

## XIV.
## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of

the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

///
///
///
///
///
///
///
///
///
///
///

## XV.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

The Court **VACATES** all pending dates and deadlines. The Clerk of the Court shall close this case.

**SO ORDERED**, this 8th day of June, 2018.

_____
Hon. Otis D. Wright II
United States District Judge
Central District of California