O

# United States District Court
# Central District of California

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:17-cv-06855-ODW(PLAx) |
| Plaintiff, | **ORDER DENYING MOTION TO BE RELIEVED AS DEFENDANTS' COUNSEL OF RECORD [79]** |
| v. | |
| M&T FINANCIAL GROUP, a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group, | |
| AMERICAN COUNSELING CENTER CORP., a corporation, also d/b/a StuDebt, Student Debt Relief Group, SDRG, Student Loan Relief Counselors, SLRC, and Capital Advocates Group, and | |
| SALAR TAHOUR, individually, and as an officer of M&T FINANCIAL GROUP and AMERICAN COUNSELING CENTER CORP., | |
| Defendants. | |

# I. INTRODUCTION

Hinch Newman LLP and Richard B. Newman (collectively, "Counsel"), counsel of record for Defendants M&T Financial Group, American Counseling Center Corp., and Salar Tahour (collectively, "Defendants") seek to be relieved as Counsel for Defendants pursuant to Local Rule 83-2.3.1. (Mot. to be Relieved as Counsel ("Mot."), ECF No. 79.) The Motion is unopposed. However, for the reasons discussed below, the Court **DENIES** the Motion.[1]

# II. FACTUAL BACKGROUND

The Federal Trade Commission ("FTC") brought this action against Defendants on September 18, 2017, seeking relief for various violations of the Federal Trade Commission Act and the Telemarketing and Consumer Fraud and Abuse Act. (*See* Compl., ECF No. 3.) The FTC and Defendants stipulated to the entry of a Stipulated Order for Permanent Injunction and Monetary Judgment (hereinafter, the "Order"), which the Court granted on June 8, 2018. (Order, ECF No. 75.) The Court retained jurisdiction of this matter for purposes of construction, modification and enforcement of the Order. (Order 20.) Section X of the Order sets forth the duties of the appointed Receiver (Robb Evans & Robb Evans and Associates, LLC), which includes deadlines for the Receiver. (*Id.* at 14–15.) However, the Receiver needed additional time to meet the deadlines set in section X, and subsequently filed an Ex Parte Application to extend the deadlines. (Ex Parte Appl., ECF No. 76.) The Court granted the Ex Parte Application and extended the deadline to February 7, 2019. (Order Granting Ex Parte Appl., ECF No. 80.) Thus, in the event of any future filings such as the Ex Parte Application, the parties still need to be notified of such filings.

Counsel moves to be relieved on the grounds that "Tahour has knowingly and freely terminated legal representation as to all Defendants." (*See* Mot. 4, ECF No. 79.) In addition, Mr. Newman declares that neither Defendants, nor any other party to this

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

matter oppose the Motion. (Decl. of Richard B. Newman ("Newman Decl.") ¶¶ 5–6, ECF No. 79.) Counsel further declares that "[he] was assured that substitute counsel had been retained." (Newman Decl. ¶ 3.) However, substitute counsel has not made an appearance in this matter, and thus the Court cannot grant the instant Motion.

### III. LEGAL STANDARD

The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 09CV3200 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009). Pursuant to the local rules of this district, "[a]n attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action" and supported by good cause. C.D. Cal. L.R. 83-2.3.2. In determining whether good cause is shown, a court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal–Bay Int'l, Inc.*, No. 06CV1082–WMC, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007).

Moreover, corporations cannot appear pro se in federal court. C.D. Cal. L.R. 83.2.3.4; *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 201–02 (1993) (stating that a corporation "may appear in the federal courts only through licensed counsel").

### IV. DISCUSSION

Although the Court recognizes that permissive withdrawal may be warranted due to Defendants' termination of representation by Counsel, the Court must deny the instant Motion. *See* Cal. R. Prof'l Conduct 3-700(C)(5) (recognizing permissive when "the client knowingly and freely assents to termination of the employment"). Specifically, the Court recognizes that Counsel is no longer authorized to act on

Defendants' behalf.  However, Counsel neglects to acknowledge that Defendants M&T Financial Group and American Counseling Center Corp. are organizations that cannot appear pro se in federal court.

The Court further recognizes that the Motion must be denied as to Defendant Tahour as it is deficient.  Based on the Motion and Declaration before the Court, Counsel has not fulfilled the notice requirements of Local Rule 83-2.3.2, which requires that the Motion "be made upon written notice given reasonably in advance to the client and all other parties who have appeared in the action."  Nothing in the record indicates that Defendants were provided with written notice.

As Counsel has indicated that Defendants have retained new counsel, the Court will allow Counsel to withdraw when Defendants file a request for approval of substitution of attorney.

## V. CONCLUSION

Accordingly, Counsel's Motion is hereby **DENIED WITHOUT PREJUDICE**. **IT IS SO ORDERED.**

September 26, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**